Case number 17-7141, D.C. Healthcare Systems, Inc. Appellant for the District of Columbia and out. Mr. Marks for the appellant, Ms. Lipsack for the appellant. Mr. Marks, let me just say for the record, Judge Griffith is not able to be here because the power was out in his house as a consequence of our lovely weather yesterday and today, but you can be assured he will be listening on the tapes and will participate in full. Thank you, Your Honor. May it please the Court, my name is Joe Marks. I represent D.C.HSI. The state court judge here told D.C.HSI to file a different lawsuit when D.C.HSI said that the district had intentionally underpaid chartered. Look, in fact, because the state court judge here resolved this lawsuit. The state court judge here resolved that question to protect sick people and a lot of doctors when in turn he is struggling to run out of money. That was before the state court judge here resolved that question. But this lawsuit presents a different question. This lawsuit presents a question about why DCHSI ultimately lost all of its property. This lawsuit presents the question, does DCHSI prevent DCHSI when the defendant claims DCHSI to lose all of its property without compensation and without sufficient process from the state. The work that is intended to do is to prevent a party that loses in the state court from taking a de facto appeal to a United States district court. The party that loses in the state court from taking a de facto appeal is one that will not affect the state court decision. And this lawsuit is doing either of those things here. Because DCHSI did not get the same kind of question that was before it was in the state court. Here DCHSI says the same result of the question that was before it was in the state court. It is a consistent state law. It is just letting DCHSI to own the party and then loses it in the state court process to take the property for the party. That is a second felony for the party. DCHSI is not going to let DCHSI take the property and lose it in the state court process. You are waiting for a question? I guess I have a question for you which wasn't really addressed very much in either brief but I just wonder why doesn't Verizon, the Supreme Court, put on a challenge to the decision of the insurance commissioner. The rehabilitator is the insurance commissioner. Is that right? It is a challenge to a decision by the insurance commissioner. Just to turn my cards over, this is a helpful question to you. Not one you need to resist. This is a challenge to a decision by an executive agency and at Verizon the Supreme Court says Rooker-Feldman doesn't apply to decisions of executive agencies. Why is that not applicable here? Or isn't it? Maybe I should give you a leading question. Isn't it applicable here? Yes, I appreciate that. I think the court could certainly resolve the question on that issue. I have a question which is in agreement with the fact that the issue is with the district and not with the district's choice to update and then make up the difference so that DCHS continues to have a company instead of using this otherwise valid state court process. And that first and foremost it seems to us that such an update through Rooker-Feldman is much better than the Verizon case. I think that case is helpful too. I was just going to ask, it seems difficult in all of these Rooker-Feldman cases to disentangle preclusion and Rooker-Feldman. It does seem like there are going to be many preclusion hurdles given various things that your client agreed to in terms of empowering the rehabilitator. But you would just, I guess, urge us to separate those conceptually and even where, as in, I guess it's the Exxon case, there may be dueling decisions that that would be sorted out through full faith and credit and not through Rooker-Feldman as such. We're sort of saying that the principles of preclusion are there. I do think it is ultimately a subset of preclusion. What makes it different is that it's jurisdictional rather than... I guess what's difficult is, so wrapped into the rehabilitation is this authority to make all those subsidiary decisions and its efficacy and finality is only, is based on its nature as a kind of whole package. And when you say, we're not challenging that, we're not appealing that, but we want to be able to appeal some subparts of it, I guess given the distinctive nature of rehabilitation, doesn't that maybe make it more of a preclusion? And here's why. The analogy to the Gray case from the circuit, which is a little more fleshed out, in which the circuit sort of endorsed in Gray, there are other cases like that also. Gray's case involves something that a judge... in those cases it's sort of loaded for the best interest of the child. Here it's loaded essentially to protect the sick people and the doctors first and foremost. And then it's loaded for the best interest of the child. That's... nobody's asking to change the outcome. In that case of rehabilitation, it's not going to change... It does. The business absolutely does not exist, but there's sort of a legal person that is trying to better the rehabilitation rather than creditors trying to get paid. And what's the status of, it had these claims against the contracting officer, Charter did, those claims been acted on? Yeah. So... which... disputed... Right.
judges: Garland, Griffith, Pillard